IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LORI HELING, )
)
       Plaintiff, )
)
v. )   Case No. 15-cv-1274
)
CREDITORS COLLECTION )
SERVICE, INC., )
)
       Defendant. )
)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Plaintiff, LORI HELING, by and through her attorneys, SMITHMARCO, P.C., and for her response to Defendant's motion to dismiss, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff, LORI HELING ("Heling"), filed the instant action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq., seeking monetary damages against Defendant, a third party debt collector, for its unlawful collection activities stemming from debt allegedly owed by Heling for dental services provided to her by a non-party. In response, Defendant filed a motion to dismiss attacking the complaint on two theories. First, Defendant maintains Heling's lawsuit is barred by the *Rooker-Feldman* doctrine, which generally bars federal court review of a state court judgment. Second, Defendant contends that even if there is no jurisdictional bar to the case, the affirmative defense of claim preclusion, or *res judicata*, prevents Heling from proceeding. Defendant's arguments are without merit and its motion to dismiss should be denied in its entirety.

## FACTS

Heling, a resident of the state of Wisconsin, was sued by Defendant in state court for a debt she allegedly owed to her former dentist. Complaint ¶¶ 4-5, 14. Never having received the complaint as it was ostensibly served at an old address and then published after just one personal service attempt, Heling was not aware of the state court case until a judgment had been entered against her and a garnishment was served upon her employer. Complaint ¶¶ 15-22, 24-25. Once discovered, Heling immediately contacted Defendant to resolve the matter and pay the debt. Complaint ¶¶ 28, 32. It was during this communication that Defendant overstated the amount of the outstanding debt. Complaint ¶¶ 33, 37, 40. Defendant further misled Heling when it represented that, despite her requests and even with full payment of the debt, the judgment against her could not be vacated because it had been published. Complaint ¶¶ 38-41. Defendant also failed to provide Heling with written confirmation thereof as required under §1692g(a) of the FDCPA within 5 days of its initial communication to collect the debt. Complaint ¶ 42. Heling thereafter filed the instant lawsuit against Defendant for its violations of the FDCPA.

In response to Heling's complaint, Defendant has moved for dismissal on the grounds that this Court lacks jurisdiction to adjudicate these claims by virtue of the bar of the *Rooker-Feldman* doctrine and claim preclusion, i.e. *res judicata*.

## LEGAL STANDARD

Defendant's motion is governed by two standards, Fed.R.Civ.P. 12(b)(1) and (b)(6). A motion to dismiss based upon the *Rooker-Feldman* doctrine is subject to review under Fed.R.Civ.P. 12(b)(1).[1]

---

[1] Defendant erred in referring only to Fed.R.Civ.R. 12(b)(6) as the standard that the Court must use in deciding its motion to dismiss. While Rule 12(b)(6) does apply to the defense of *res judicata*, it is Rule 12(b)(1) which governs a motion to dismiss for lack of subject matter

When ruling on a motion to dismiss for lack of subject-matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*citing Rueth v. United States EPA*, 13 F.3d 227, 229 (7th Cir. 1993)). "'The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Long*, 182 F.3d at 554 (quoting *Capitol Leasing Co., v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam)).

The issue of claim preclusion is reviewed under Rule 12(b)(6). To survive such a motion, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," and more than merely a "suspicion" of a legally cognizable claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 1974 (2007). As with Rule 12(b)(1) though, the court must accept all well-pleaded facts as true and draw all reasonable inference from those facts in the plaintiff's favor. *Buford v. Palisades Collection, LLC*, 552 F.Supp.2d 800, 804 (N.D. Ill. 2008).

## ARGUMENT

I.  **The *Rooker-Feldman* Doctrine does not divest this court of jurisdiction because Heling's claims are independent of the state court judgment as they arise from Defendant's illegal post-judgment collection activities and do not seek to upset the state court judgment.**

Defendant contends that this case should be dismissed for lack of subject matter jurisdiction because Heling attempts to circumvent the judicial process by challenging the state

---

jurisdiction, such as the *Rooker-Feldman* doctrine defense. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) (*Rooker-Feldman* doctrine is jurisdictional in nature); *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 569 F.3d 667, 670 (7th Cir. 2009); *Gonzalez v. Kohn Law Firm, S.C.*, 2015 WL 5794157, *1 (E.D. Wis. Oct. 2, 2015).

court judgment in federal district court. The *Rooker-Feldman* doctrine is an oft used but frequently misrepresented bar to the re-litigation of state court claims. The doctrine is the result of two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). At the heart of these cases is the recognition that lower federal courts generally do not have the power to exercise appellate review over state court decisions. *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996). The *Rooker-Feldman* doctrine prevents "state-court judgment losers [from] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Kelley v. Med-1 Solutions, LLC.*, 548 F.3d 600, 603 (7th Cir. 2008) (quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006)).

However, the *Rooker-Feldman* doctrine has a much more narrow scope than that which Defendant requests this Court apply. "The doctrine does not prevent state-court losers from presenting independent claims to a federal district court, even if the new claims involve questions related to those in the original state court proceedings." *Crawford*, 647 F.3d at 645 (citing *Skinner v. Switzer*, 562 U.S. 521, 531 (2011); *Woltring v. Specialized Loan Servicing, LLC.*, 2014 WL 2708581, at *3 (E.D. Wis. June 16, 2014); *Polzin v. Unifund CCR Partners*, 2009 WL 2474668, at *3 (E.D. Wis. Aug. 11, 2009)). Nor does the doctrine "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[T]he immediate inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'"

4

*Crawford*, 647 F.3d at 646 (quoting *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004)); *Kamilewicz*, 92 F.3d at 510; *Garry v. Geils*, 82 F.3d 1362, 1365-66 (7th Cir. 1996).

In the present case, the *Rooker-Feldman* doctrine does not apply because Heling's complaint seeks only redress for Defendant's post-judgment illegal collection activities and not to upset or overturn the state court judgment. The foundation for this position lies in this Court's very own opinion, issued less than two months ago, captioned *Andress v. Daubert Law Firm LLC.*, 2015 WL 7114627 (E.D. Wis. Nov. 13, 2015). The *Andress* opinion is a venerable roadmap for navigating the *Rooker-Feldman* doctrine waters.[2] As long as the plaintiff is not attacking the state court judgment itself, but rather the defendant's efforts to collect, the *Rooker-Feldman* doctrine does not apply. *Id.* at *9; *see e.g.*, *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 733-34 (7th Cir. 2014); *Nora v. Residential Funding Co., LLC*, 543 Fed.Appx. 601, 602 (7th Cir. 2013) (citing *Kelley*, 548 F.3d at 603-04; *Taylor,* 374 F.3d at 533; *Long*, 182 F.3d at 556; *Crawford*, 647 F.3d at 645; *Gonzalez,* 2015 WL 5794157, at *9-10); *see also Jung v. Cottonwood Financial*, 2014 WL 4796756, at *3 n.6 (W.D. Wis. Sept. 26, 2014).

In *Andress*, the plaintiff, a judgment debtor, brought a federal lawsuit against the creditor's law firm and one of its attorneys alleging that they violated the FDCPA and certain debt-collection provisions of the Wisconsin Consumer Act ("WCA") before and after the entry of a state court judgment against the plaintiff. 2015 WL 7114627, at *1. The defendants, on behalf of the creditor, sued plaintiff for default on a personal loan. The defendants filed proof of service of the complaint and subsequently obtained a default judgment. *Id*. The plaintiff

---

[2] It has been suggested that the *Andress* opinion be regarded as a treatise on the subject of the *Rooker-Feldman* doctrine with daily reading of it highly suggested. Pagel, Briane, Debt Collection: The Rooker-Feldman Doctrine Doesn't Bar Every Claim Reduced to A Judgment, Nov. 17, 2015, http://www.familyandconsumerlaw.com/2015/11/debt-collection-rooker-feldman-doctrine.html.

challenged the judgment in the state court arguing faulty service and other various defenses. *Id*. at *1-2. Ultimately the state court ruled the judgment valid and the judgment creditor, by way of its counsel, began collection activities to enforce the judgment by means of two garnishments. *Id*. at *2. The plaintiff then filed a federal lawsuit pursuant to the FDCPA and the WCA arguing the following violations: (1) the defendants did not properly serve him; (2) they should not have sued him in state court because they could not substantiate the alleged debt; (3) they made misrepresentations in state court; (4) they called the plaintiff's home and employer despite being instructed not to do so; and (5) the attorney defendant called the plaintiff using dehumanizing tactics, including yelling, screaming and intimidating the plaintiff. *Id*. at *2-3.

The defendants moved to dismiss the federal complaint pursuant to the *Rooker-Feldman* doctrine among other reasons unrelated to the instant case. *Id*. Analyzing Seventh Circuit law, this Court determined that there were two separate boxes into which FDCPA claims like the plaintiff's might fall; the first being claims that directly challenge state court judgments or garnishment orders, and the second box includes claims that might relate to a state court judgment or garnishment order, or that occurred before and existed independent of the judgment or order. *Id*. at *6 (internal citations omitted). Turning to its analysis of the plaintiff's claims, this Court concluded that the first three alleged violations, including allegations of faulty service, were barred by the *Rooker-Feldman* doctrine because the plaintiff had the opportunity to challenge those issues regarding service. *Id*. at *7. However, this Court also concluded that the *Rooker-Feldman* doctrine *might not* bar the plaintiff's remaining two classes of alleged violations, specifically the telephone calls to his home and employer and the alleged harassment while attempting to collect on the state court judgment. *Id*. at *9 (emphasis in original). Because the plaintiff was apparently "alleging that the defendants attempted to collect the debt (either

6

before the state court rendered it into a judgment *or after*) in an illegal manner…. then he is not attacking the judgment itself, but rather the defendants' efforts to collect". *Id*. (emphasis added).[3] The *Rooker-Feldman* doctrine does not bar such claims." *Id*.

Turning to the instant case, Heling alleges Defendant, in an attempt to collect the debt, committed the following post-judgment violations:

1. Insisted the debt owed was in excess of the judgment amount thereby misrepresenting the character, amount, and/or legal status of the debt (Compl. ¶¶ 33-37);

2. Insisted that the judgment could not be vacated because it had been published, a statement which was false and deceptive (Compl. ¶¶ 40-41, 43); and

3. Failed and refused to provide, within 5 days of its initial communication to collect the debt, written documentation about the debt (Compl. ¶ 42).

As with *Andress*, although these allegations attack Defendant's efforts to collect the debt, they do not attack the state court judgment itself. 2015 WL 7114627, at *9; *see also Polzin*, 2009 WL 2474668, at *3-4 (defendant's violation of the FDCPA by attempting to collect more that the amount owed by plaintiff avoids the *Rooker-Feldman* bar as the plaintiff is not disputing the judgment itself); *MSK EyEs Ltd. V. Wells Fargo Bank, Nat'l Ass'n*, 546 F. 3d 533, 539 (8th Cir. 2008) (it is possible to conclude the defendant committed various torts in enforcing the state court judgment without concluding the judgment itself is invalid thereby making these claims independent and not barred by *Rooker Feldman*). Further, while Heling mentions the questionable service of the state court complaint she is not making it an allegation of violation of the FDCPA. Heling's reference to the issues with service provides only background information helping lay the groundwork for how and why the case escalated to where it is today.

---

[3] (*citing Richardson*, 768 F.3d at 733-34; *Nora*, 543 Fed.Appx. at 602 (citing *Kelley,* 548 F.3d at 603-04; *Taylor,* 374 F.3d at 533; *Long*, 182 F.3d at 556; *Crawford*, 647 F.3d at 645; *Gonzalez,* 2015 WL 5794157, at *9-10)).

Of equal importance is the case of *Buford v. Palisades Collection, LLC*., 552 F.Supp.2d 800 (N.D. Ill. 2008). Therein, the plaintiffs filed a federal lawsuit against a debt collection agency and its attorneys alleging that the defendants violated the FDCPA by filing time-barred lawsuits. *Id*. at 803. The plaintiffs all owed various cellular telecommunication debts that were purchased by the defendants and used in their state court actions. Each of the plaintiffs had a state court judgment entered against them by default. *Id*. They thereafter jointly filed the federal action complaining of violations of the FDCPA for the habitual buying of time-barred cellular debt and illegal attempts to enforce it. *Id*. The defendants moved to dismiss citing the *Rooker-Feldman* doctrine and claim preclusion maintaining that the plaintiffs were improperly asking the court to review their default judgments and could have made these same arguments in the state court cases. *Id*. at 804. The court denied the motion to dismiss. *Id*. at 802, 806, and 808.

Relying on *Long*, the court recognized that the defendants' violations of the FDCPA were accomplished *before* the entry of the state court judgments (and in that way distinguishable from this instant case), and therefore, not barred. *Id*. at 805. However, and more importantly, the court concluded that the plaintiffs' federal claims were distinct from the state court cases because, unlike the state cases, the federal issue was not whether the plaintiffs owed the debt to the defendants, but whether the defendants violated the FDCPA in how they attempted to collect that debt. *Id*. "Thus, Plaintiffs are not simply asking the Court to review the default judgments against them, but are alleging separate injuries under the FDCPA." *Id*. at 805-06.

For purposes of applicability of the *Rooker-Feldman* doctrine, it does not matter whether the violations of the FDCPA occurred prior to or after the entry of the state court judgment, *see Andress*, 2015 WL 7114627, at *9, but whether the defendant violated the FDCPA in its activities to collect the debt. *Buford*, 552 F.Supp.2d at 805. Additionally, the *Buford* court went

further and recognized that it was possible for a plaintiff to deny the correctness of a state court judgment while pursing its FDCPA claims without thereby requesting direct review of the state court judgment. *Id*. at 806. As such, in the case at hand, Defendant will not succeed in defeating Heling's claims by focusing on the entry of the state court judgment. Moreover, the fact that Heling's pursuit of her FDCPA claims could ultimately show the state court judgment was erroneous does not render the *Rooker-Feldman* doctrine applicable. *See Buford*, 552 F.Supp.2d at 806. This case fits squarely within both *Andress*' and *Buford*'s framework.

Defendant's next assertion that Heling's claims are "inextricably intertwined" with the state court judgment holds very little weight. *See* Defendant's Motion Pp. 5-6. As this Court has already recognized, the Seventh Circuit expressly cautions against making that inquiry. *Andress*, 2015 WL 7114627, at *9 (*citing Richardson*, 768 F.3d at 734 ("[w]e are skeptical about the wisdom of asking whether something is 'intertwined' ('inextricably' or extricably) with a state court's judgment"). "Asking whether something is 'inextricably intertwined' can result in an overly-broad application of *Rooker-Feldman* that ignores the doctrine's underlying principles of comity, federalism, and finality." *Gonzalez*, 2015 WL 5794157, at *8. Therefore, this line of examination is no longer determinative of subject matter jurisdiction. *See Id*.

Moreover, Defendant's reliance on *Taylor*, to prove that Heling's instant case "inextricably intertwined" with her state court action is misplaced. Therein, as Defendant recognized, the judgment debtor's federal lawsuit for monetary damages for fraud and violations of the Equal Credit Opportunity Act allegedly occurring during a state court foreclosure action was barred by the *Rooker-Feldman* doctrine. *Id*. at 534. However, the critical factor in that determination was that the relief the plaintiff sought was compensatory damages in an amount of

9

the value of her lost home. *Id*. This demonstrated to the court that her alleged injury was the loss of her home and not an independent injury arising from the acts of the defendant. *Id*.

The damages sought by Heling in this case include the requisite $1,000.00 statutory penalty plus actual damages awarded as a result of Defendant's post-judgment collection activities which, as outlined specifically in the Complaint, violated the FDCPA. Nowhere in the Complaint does Heling attempt to attach the damages sought to any injury caused by or amount of the state court judgment. *See Johnson v. CGR Services, Inc*., 2005 WL 991770, at *5 (N.D. Ill. Apr. 7, 2005) (plaintiff's injuries for violation of the FDCPA in the form of statutory damages are distinct from the garnished wages resulting from the state court judgment). Applying the principles cited above, it is clear that Heling's federal complaint against Defendant for the violation of the FDCPA is wholly independent of the state court judgment.

**II.     Plaintiff's claims are not barred by claim preclusion.**

It is undisputed that, when considering the issue of claim preclusion, Wisconsin principles apply. *In re Dollie's Playhouse, Inc*., 481 F.3d 998-1000-1001 (7th Cir. 2007). As Defendant properly represents, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties or their privies involving the same causes of action. Defendant's Motion p.9 (*citing Northern States Power Co. v. Bugher*, 189 Wis.2d 541, 550 (1995)). Wisconsin law, like federal law, has three requirements that must be satisfied for claim preclusion to take effect: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits rendered by a court of competent jurisdiction. *Northern States P*ower, 189 Wis.2d at 551.

The issue for this Court to decide is whether there is an identity of the causes of action. Wisconsin follows the "transactional approach" to determine the identity between the two causes

of action. However, the transactional approach is not capable of a "mathematically precise definition," and determining what factual grouping constitutes a "transaction" is not always easy. *Kruckenberg v. Harvey*, 279 Wis.2d 520, 532 ¶ 25 (Wis. 2005) (quoting Restatement (Second) of Judgments §24(2), cmt. b (1982)).

Defendant here asserts that Heling's claims are barred by claim preclusion (or *res judicata*) because they fail the "transactional" test. There are two cases that directly contradict the reasoning Defendant asks this Court to adopt. *See Buford*, 552 F.Supp.2d at 807-808; *Whitaker v. Ameritech Corp.*, 129 F.3d 952 (7th Cir. 1997).[4]

Besides the *Rooker-Feldman* challenge, the court in *Buford* also had to determine whether the plaintiffs' FDCPA claims were barred by *res judicata*. The court concluded that the FDCPA and the prior state collection case did not arise out of the same transaction. 552 F.Supp.2d at 808. The state actions were the result of the plaintiffs' incurring debt while the FDCPA claims arose out of billing and collection activities. *Id*. (plaintiffs' state court actions arose out of their cellular telephone use, the heart of their federal claims is that the defendants injured them in the debt collection process). The court found that the injury the plaintiffs complained of, *to wit*, buying time-barred debt and filing suit to collect, "is the type that the FDCPA was designed to remedy: protecting consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." *Id.* at 808 (*citing Adair v. Sherman*, 230 F.3d 890, 895-96 (7th Cir. 2000) (*citing Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998)). As the FDCPA claim sought statutory and actual damages for the violation of the FDCPA's prohibition on using unfair or unconscionable means to collect or attempt to collect a

---

[4] While these cases, as they relate to claim preclusion, are decided using Illinois standards, those standards are the exact same as used in Wisconsin. Both states use the same "transactional approach" to determine whether there is identity between the two causes of action.

11

Case 2:15-cv-01274-JPS   Filed 01/11/16   Page 11 of 14   Document 14

debt, it did not seek to have the state court judgments vacated. Moreover, as the set of fact underlying the state and federal cases do not comprise the same cause of action, the plaintiffs' claims are not barred by claim preclusion. *Buford*, 552 F.Supp.2d at 808. Therefore, the FDCPA claim constitutes a separate transaction from the state court lawsuits and is not barred by *res judicata*. *Id*.

Similarly, in *Whitaker*, the court concluded that debt attachment and debt collection are matters separated by time and purpose and therefore do not satisfy the "transactional" test. 129 F.3d at 958. "To lump debt attachment and debt collection together as the same cause of action under the res judicata analysis is to give res judicata broader sweep than we believe the Illinois courts are willing to give it." *Id*. at 958. While the defendant should be able to reasonably rely on its state court judgment, it should also expect that its "***obligation to comport with other law in its debt collection practices is not extinguished when a court determines that a debt is valid***." *Id*. at 958. (Emphasis added).

Defendant's attempts to distinguish *Whitaker* are nonsensical and fly in the face of *Andress*, *Buford*, *Whitaker*, and all of the cases relied upon therein. Despite Defendant's attempts to simplify the facts, allegations related to its post-judgment activities in collecting the debt are independent of the state court action.

Finally, Defendant's reliance on *Byrd v. Homecoming Financial Network*, 407 F.Supp.2d 937 (N.D.Ill. 2005), for claim preclusion is misguided. The *Byrd* plaintiff had a state court judgment entered against her as a result of her defaulting on her mortgage payments. *Id*. at 939. The plaintiff filed bankruptcy, but due to a material default the bankruptcy case was dismissed and an order of possession for her house was granted to the defendant. *Id*. at 940-41. The plaintiff then sued the defendant alleging violations committed while servicing her mortgage. *Id*.

at 938. The court found that the plaintiff's federal lawsuit was barred pursuant to the *Rooker-Feldman* doctrine and *res judicata*. *Id*. at 938. Because the plaintiff's claims collaterally attacked the state court judgment of foreclosure, the *Rooker-Feldman* doctrine applied. *Id*. Using that, the *Byrd* court then concluded that the transaction at issue in the two actions was the same because the actions were "inextricably linked". *Id*. at 945.

However, as this Court in its *Andress* opinion already recognized, the Seventh Circuit discourages courts from using that theory as a basis for barring claims. *Andress*, *supra* at *9; see *Gonzalez*, 2015 WL 5794157, at *8. Moreover, and similar instead to the facts in *Buford* and *Whitaker*, the violations in the instant case are distinct in time and purpose from the debt attachment action which resulted in the state court judgment. Unlike *Byrd*, the violations of the FDCPA have nothing to do with whether Heling owes the debt or the actions taken by Defendant in the state court case. The Defendant's responsibility to follow the law in its debt collection activities did not end with the entry of the state court judgment and Heling is permitted to take Defendant to task for its violations.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied in its entirety.

Respectfully submitted,
**LORI HELING**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: January 11, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| LORI HELING, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-01274-JPS |
| | ) | |
| v. | ) | Judge Stadtmueller |
| | ) | Magistrate Judge Jones |
| CREDITORS COLLECTION | ) | |
| SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

**To:** David M McDorman
McDorman Law Office
2923 Marketplace Drive, Suite 100
Madison WI 53719

    I, David M. Marco, an attorney, certify that on **January 11, 2016**, I shall cause to be served a copy of **Plaintiff's Response in Opposition to Defendant's Motion to Dismiss,** upon the above named individual(s) by: depositing same in the U.S. Mail box at 20 South Clark Street, Suite 2120, Chicago, IL 60603, prior to 5:00 p.m., postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; email; and/or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

| | | | | |
|---|---|---|---|---|
| | \_\_\_\_ | U.S. Mail | _X_ | ECF |
| | \_\_\_\_ | Messenger Delivery | \_\_\_\_ | Email |

                                                   By:    s/ David M. Marco
                                                             Attorney for Plaintiff

Dated: January 11, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com