# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LORI HELING,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CREDITORS COLLECTION SERVICE INC.,<br><br>　　　　　　Defendant. | Case No. 15-CV-1274-JPS<br><br>**ORDER** |

　　　　Plaintiff prevailed at the trial of this matter on October 25, 2016. (Docket #58). Thereafter, the Clerk of the Court taxed costs of $2,085.70 against Defendant. (Docket #76). The Court, upon a motion from Plaintiff, also awarded $36,190.80 in attorneys' fees to Plaintiff. (Docket #77). On October 20, 2017, Plaintiff informed the Court that Defendant has failed to pay these amounts. (Docket #78). Plaintiff asks that the Court reduce the awards of costs and fees to judgment to ease collection. *Id.* The Court has been informed that Defendant does not object to the request.

　　　　The Court must, nevertheless, deny the motion. Generally, the Court does not amend judgments to include post-judgment taxation of costs or fee awards. This policy is based on sound reasoning from the Supreme Court, which holds that fees and costs are collateral to the merits of an action, and that issuing amended judgments has jurisdictional consequences that must not be taken lightly. *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268-69 (1988); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988). Plaintiff's motion cites no law or rules at all, much less that which would convince the Court to stray from its standard practice. If Plaintiff

seeks enforcement of the bill of costs or the fee award, she must follow the usual practice for addressing non-compliance with court orders, namely sanctions or contempt.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to convert court orders to judgment (Docket #78) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge